1

2 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

3 AT TACOMA

4

5 CHARLES LIDO GUIDI-POOLE,

      Plaintiff,     CASE NO. C15-5081 BHS

6

7    v.       ORDER AFFIRMING DENIAL
OF BENEFITS

8 CAROLYN COLVIN, Acting
Commissioner of Social Security,

9      Defendant.

10

11      **I. BASIC DATA**

12 Type of Benefits Sought:

13   ( X ) Disability Insurance

14   (  ) Supplemental Security Income

15 Plaintiff's:

16   Sex: Male

17   Age: 35 on the date of the hearing

18 Principal Disabilities Alleged by Plaintiff: colitis and irritable bowel syndrome; deep vein thrombosis with pulmonary embolism; and anxiety

19 Disability Allegedly Began: January 10, 2012

20 Principal Previous Work Experience: mechanic, warehouse operations manager.

21 Education Level Achieved by Plaintiff: high school

22

1
## II. PROCEDURAL HISTORY—ADMINISTRATIVE

2 Before ALJ :

3     Date of Hearing: February 21, 2013

4     Date of Decision: April 23, 2013

5     Appears in Record at: 15–24

6     Summary of Decision:

7         The claimant has not engaged in substantial gainful activity since
January 10, 2012, the alleged onset date (20 CFR 404.1571, *et seq*.).

8         The claimant has the following medically determinable impairments:
colitis, irritable bowel syndrome, deep vein thrombosis with pulmonary

9 embolism, and anxiety (20 CFR 404.1521, *et seq*.).

10         The claimant does not have an impairment or combination of
impairments that has significantly limited (or is expected to significantly
limit) the ability to perform basic work related activities for 12 consecutive

11 months; therefore, the claimant does not have a severe impairment or
combination of impairments (20 CFR 404.1521, *et seq*.).

12         The claimant has not been under a disability, as defined in the Social
Security Act, from January 10, 2012, through the date of this decision (20

13 CFR 404.1520(c)).

14

Before Appeals Council:

15

    Date of Decision: December 9, 2014

16

    Appears in Record at: AR 4–6

17

    Summary of Decision: Denied request for review.

18
## III. PROCEDURAL HISTORY—THIS COURT

19

    Jurisdiction based upon: 42 U.S.C. § 405(g)

20

    Brief on Merits Submitted by ( X ) Plaintiff   ( X ) Commissioner

21

22

1

**IV. STANDARD OF REVIEW**

2          Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's

3  denial of Social Security benefits when the ALJ's findings are based on legal error or not

4  supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d

5  1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than

6  a preponderance, and is such relevant evidence as a reasonable mind might accept as

7  adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

8  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for

9  determining credibility, resolving conflicts in medical testimony, and resolving any other

10  ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

11  While the Court is required to examine the record as a whole, it may neither reweigh the

12  evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*, 278

13  F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

14  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

15  must be upheld."  *Id.*

16

**V. EVALUATING DISABILITY**

17          The claimant, Charles Lido Guidi-Poole ("Guidi-Poole"), bears the burden of

18  proving he is disabled within the meaning of the Social Security Act ("Act").  *Meanel v.*

19  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to

20  engage in any substantial gainful activity" due to a physical or mental impairment which

21  has lasted, or is expected to last, for a continuous period of not less than twelve months.

22  42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  A claimant is disabled under the Act only if his

1   impairments are of such severity that he is unable to do his previous work, and cannot,

2   considering his age, education, and work experience, engage in any other substantial

3   gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also*

4   *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

5         The Commissioner has established a five-step sequential evaluation process for

6   determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R.

7   §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through

8   four.  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At

9   step five, the burden shifts to the Commissioner.  *Id.*

10                              **VI. ISSUES ON APPEAL**

11        1.    Whether the ALJ erred by finding that Guidi-Poole's irritable bowel
                syndrome, previously diagnosed as colitis, and anxiety were not severe
12              impairments.

13        2.    Whether the ALJ erred by not finding Guidi-Poole credible pursuant to
                SSR 96-7p.
14
          3.    Whether the ALJ erred by rejecting the opinions of Guidi-Poole's treating
15              medical providers.

16        4.    Whether the ALJ erred by not finding the lay testimony credible.

17        5.    Whether the ALJ erred by not properly assessing Guidi-Poole's pain.

                                  **VII. DISCUSSION**
18
    **A.    Impairments**
19
          The Court may set aside the Commissioner's denial of Social Security benefits
20
    when the ALJ's findings are not supported by substantial evidence in the record as a
21
    whole.  *Bayliss*, 427 F.3d at 1214 n.1.  "Substantial evidence" is more than a scintilla,
22

1   less than a preponderance, and is such relevant evidence as a reasonable mind might

2   accept as adequate to support a conclusion.  *Magallanes*, 881 F.2d at 750.  While the

3   Court is required to examine the record as a whole, it may neither reweigh the evidence

4   nor substitute its judgment for that of the ALJ.  *See Thomas*, 278 F.3d at 954.  "Where the

5   evidence is susceptible to more than one rational interpretation, one of which supports the

6   ALJ's decision, the ALJ's conclusion must be upheld."  *Id*.  Finally, The claimant bears

7   the burden of proof during steps one through four.  *Valentine*, 574 F.3d at 689.

8          In this case, Guidi-Poole contends that the ALJ erred by concluding that Guidi-

9   Poole's irritable bowel syndrome and anxiety were not severe impairments.  Dkt. 12 at 3–

10   6.  With regard to the irritable bowel syndrome, the ALJ provided as follows:

11              The claimant's subjective complaints alleging severe limitations are
        not fully credible. While the claimant complains of abdominal pain and
12       diarrhea, the claimant's description of the severity of his complaints is not
        consistent with the objective findings. The repeated laboratory findings and
13       assessments in the record are largely negative, including the first and
        second [computerized tomography enterography ("CTE")], which
14       revealed rectal wall thickening but an otherwise normal colon. Furthermore,
        Dr. Mulhall indicated that the claimant has poor bathroom hygiene, where
15       he sits on the toilet for extended periods of time, possibly resulting in
        dysfunctional signaling to the muscles. If he improves his bathroom
16       hygiene, this would not be a problem lasting twelve months or longer.
            In addition, the record reveals that the claimant failed to follow-up
17       on recommendations made by his treating doctor. For example, Dr. Mulhall
        noted that the claimant failed to undergo a CTE between September 2011
18       and April 2012, despite multiple orders to do so. Ex. 8F/3. He also failed to
        submit stool samples. In March 2013, he did not attend an appointment to
19       undergo a sigmoidoscopy. Ex. 14F/2. Failure to follow Dr. Mulhall's
        recommendations and treatment plan suggest that the claimant's symptoms
20       may not be as serious as he has alleged. Thus, the objective evidence and
        treatment record strongly suggest that, with improvement in bathroom
21       hygiene, the claimant's condition may not meet the durational requirement.
        In addition, the objective evidence suggests that the claimant's colitis and
22       irritable bowel syndrome should not have greater than a minimal limitation

1    on the claimant's physical or mental ability to perform basic work
     activities.

2          Regarding the claimant's pulmonary embolism and deep vein
     thrombosis, these conditions were treated with medication and did not last

3    twelve months. Finally, the claimant's psychological complaints have been
     limited to treatment with Xanax by his primary care provider. Thus, the

4    objective findings do not support a finding that these are severe
     impairments.

5
AR 20–21.

6

7          Upon review of the record, Guidi-Poole has failed to show that the ALJ's decision

8    is not supported by substantial evidence.  In fact, Guidi-Poole essentially disagrees with

9    the ALJ's interpretation of the record, and that is an insufficient reason to upset the ALJ's

10   determination.  While Guidi-Poole contends that his irritable bowel syndrome is severe

11   and that he requires up to 20 bathroom breaks per day, the ALJ cited other evidence in

12   the record that tests were largely negative and that the irritable bowel syndrome could be

13   improved with better bathroom hygiene.  When there is competing evidence in the

14   record, as there is in this case, the Court may not substitute its judgment for the ALJ's.

     Therefore, the Court denies Guidi-Poole's claim on this issue.

15
**B.    Guidi-Poole's credibility**

16         "[T]he ALJ must make a credibility determination with findings sufficiently

17   specific to permit the court to conclude that the ALJ did not arbitrarily discredit

18   claimant's testimony."  *Thomas*, 278 F.3d at 958.  "In determining credibility, an ALJ

19   may engage in ordinary techniques of credibility evaluation, such as considering

20   claimant's reputation for truthfulness and inconsistencies in claimant's testimony."

21   *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

22

1    In this case, Guidi-Poole argues that the ALJ erred by finding Guidi-Poole not

2  credible.  Dkt. 12 at 6–10.  Although the ALJ mostly concentrated on inconsistencies

3  between Guidi-Poole's subjective complaints and the objective medical evidence, the

4  ALJ gave two other reasons for finding Guidi-Poole not entirely credible.  First, the ALJ

5  found that Guidi-Poole failed to follow up with recommended medical treatments, despite

6  multiple orders to do so, and failed to submit stool samples when requested.  AR 20.

7  "[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to

8  follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for

9  finding the complaint unjustified or exaggerated."  *Orn v. Astrue*, 495 F.3d 625, 638 (9th

10  Cir. 2007).  Thus, the ALJ may properly rely on Guidi-Poole's failure to follow a

11  prescribed course of treatment as a reason undermining his credibility.

12    Second, the ALJ considered the fact that Guidi-Poole received unemployment

13  benefits for almost three years during the originally alleged period of disability.[1]  AR 21.

14  The ALJ found that it was inconsistent that Guidi-Poole applied to three employers per

15  week for three years while alleging that he was disabled for that entire time.  While

16  applying for unemployment benefits during a period of disability does not automatically

17  undermine a claimant's credibility, Guidi-Poole failed to submit sufficient, if any,

18  evidence to resolve this inconsistency in the record.  Therefore, the Court denies Guidi-

19  Poole's claim on this issue.

20

21  _____

22    [1] Guidi-Poole subsequently amended his alleged onset date to a date after his
unemployment benefits expired.

**C.   Medical Evidence**

The opinions of treating medical providers are to be accorded greater weight, and may not be rejected without clear and convincing reasons if they are not contradicted by other opinions in the record.  *Lester v. Chater*, 81 F.33d 821, 829 (9th Cir. 1995).  Clear and convincing reasons are required to reject the treating or examining doctor's ultimate conclusions.  *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

In this case, Guidi-Poole argues that the ALJ erred by rejecting the opinions of Dr. Mulhall and Dr. McNaughton.  Dkt. 12 at 10–13.  With regard to Dr. McNaughton, his diagnoses were that Guidi-Poole had severe irritable bowel syndrome, and he prescribed medications.  AR. 280, 338–40.  Guidi-Poole, however, fails to show that this diagnosis and treatment plan correlates to a severe impairment that significantly limits his ability to perform basic work related activities.  While the ALJ considered this medical evidence, Guidi-Poole has failed to show that such evidence is an ultimate conclusion on Guidi-Poole's ability to function in a work environment.  Therefore, the Court denies Guidi-Poole's claim on this issue.

With regard to Dr. Mulhall, the ALJ afforded this opinion little weight.  Specifically, the ALJ provided as follows:

> Dr. Mulhall opined that, based on the claimant's self-reporting, the claimant has the need to have quick access to a bathroom ten to twenty minutes during a workday. Ex. 14F/2. He indicated that the claimant reports finding it difficult to leave the house for the majority of the day due to frequent stooling. He then indicated, however, that this is a temporary issue, as he noted that I should consider this fact when weighing "issues with employment going forward (at least in the near future)." Ex. 14F/2. First, Dr. Mulhall's opinion is based on the claimant's self-reporting, and I have already found the claimant to be less than fully credible. Second, even

1    Dr. Mulhall, the claimant's treating provider, has indicated that this is a
     temporary impairment. This opinion does not convince me that the
2    claimant's irritable bowel syndrome is severe; instead, it is consistent with
     the claimant's allegations throughout the record. Therefore, I give this
3    opinion little weight.

4    AR 22.  Both of these reasons are clear and convincing and supported by substantial

5    evidence in the record.

6        First, Dr. Mulhall's opinion was based on Guidi-Poole's self reporting.  Dr.

7    Mulhall provided as follows:

8        I am the gastroenterologist that has seen Charles Poole on several
         occasions in the past two years. He has diarrhea and abdominal pain, and
9        likely has irritable bowel syndrome. He has the suggestion of colitis on his
         CT and was to undergo a sigmoidoscopy today, but did not make the
10       appointment. His previous CT had similar findings but the endoscopic
         appearance and biopsies in the past were normal. His evaluation is still
11       ongoing, but had been delayed previously due to a lapse in his follow-up.
         Based on Charles Poole's reports to me he would presently need to have
12       quick access to a bathroom 10-20 times during a work day. He reports
         finding it difficult to leave his house for the majority of the day due to
13       concerns for frequent stooling.
             Please take this into consideration regarding any issues with
14       employment going forward (at least in the near future).

15   AR 336.  Although Dr. Mulhall states his opinion is "[b]ased on Charles Poole's reports,"

16   Guidi-Poole argues that "the opinion was Dr. Mulhall's own relayed to his assistant, Lisa

17   Orlandini."  Dkt. 17 at 7.  In reality, Ms. Orlandini's email states that Dr. Mulhall called

18   her stating that Guidi-Poole would need 10-20 breaks per day if employed and that he

19   would write up the formal letter, set forth above, if needed.  AR. 319.  Ms. Orlandini's

20   hearsay does not undermine Dr. Mulhall's actual letter, and Guidi-Poole's argument that

21   the opinion is not based on self reporting is wholly without merit.

22

1    Second, Dr. Mulhall's opinion was temporary because it was confined to the "near

2  future." AR 336.  This conclusion is not only supported by the explicit words used by

3  Dr. Mulhall, but also supported by evidence in the record that Guidi-Poole's condition

4  could be controlled by Guidi-Poole's actions as well as follow-up tests and treatments.

5  Therefore, the Court denies Guidi-Poole's claim on this issue.

6  **D.    Lay Witnesses**

7    An ALJ need only give germane reasons for discrediting the testimony of lay

8  witnesses. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  "Inconsistency with

9  medical evidence is one such reason." *Bayliss*, 427 F.3d at 1218 (9th Cir. 2005).

10    In this case, Guidi-Poole argues that the ALJ erred by failing to give germane

11  reasons for disregarding the lay witness testimony.  Dkt. 12 at 13–15.  The ALJ, however,

12  provided as follows:

13    While these [lay witness] statements are consistent with the claimant's
   allegations, function report, and testimony at hearing, they are inconsistent
14    with the objective findings and do not convince me that the claimant's
   impairments are severe. For the reasons provided above, I instead rely on
15    the objective evidence in the clinical treatment record.

16  AR 22.  Because inconsistency with objective medical findings is sufficient to disregard

17  lay witness testimony, the ALJ did not commit err.  Therefore, the Court denies Guidi-

18  Poole's claim on this issue.

19  **E.    Guidi-Poole's Pain**

20    "If a claimant produces evidence that he suffers from an ailment that could cause

21  pain, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms

22  only by offering specific, clear and convincing reasons for doing so.'" *Light v. Soc. Sec.*

1 | *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (quoting *Smolen*, 80 F.3d at 1281). "An ALJ's

2 | finding that a claimant generally lacked credibility is a permissible basis to reject excess

3 | pain testimony." *Light*, 119 F.3d at 792.

4 |      In this case, Guidi-Poole argues that the ALJ erred by failing to consider Guidi-

5 | Poole's subjective testimony regarding the severe pain of his ailments. Dkt. 12 at 15–17.

6 | The ALJ, however, relied on more than inconsistencies between the medical evidence

7 | and Guidi-Poole's subjective complaints in finding that Guidi-Poole generally lacked

8 | credibility. *See above*. Therefore, the Court denies Guidi-Poole's claim on this issue.

9 | **VIII. ORDER**

10 |      Therefore, it is hereby **ORDERED** that the Commissioner's final decision

11 | denying Guidi-Poole disability benefits is **AFFIRMED**.

12 |      Dated this 27th day of August, 2015.

13 |

14 |

15 | BENJAMIN H. SETTLE
United States District Judge

16 |

17 |

18 |

19 |

20 |

21 |

22 |